

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| JAMES PRESTON DOTSON, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | C.A. NO. 2:06-CV-1770-HFF-RSC |
| | § | |
| MARK SANFORD et al., | § | |
| Defendants. | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## OF THE MAGISTRATE JUDGE

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' Motion for Summary Judgment be granted and Plaintiff's Motion to Strike be denied. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 28, 2007, and Plaintiff's objections were entered by the Clerk of Court on March 27, 2007. Instead of making specific objections to the Report, Plaintiff generally reargues his case. Specific objections, however, are necessary to focus the Court's attention on disputed issues. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985). Because general objections to a Magistrate Judge's Report fail to direct the Court's attention to any specific portion of the Report, they are tantamount to a failure to object. *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (stating that a failure to file specific objections to particular conclusions in the Magistrate Judge's Report, after warning of consequences of failure to object, waives further review).

Nevertheless, in the interest of justice and an abundance of caution, the Court has carefully reviewed Plaintiff's objections and has made a de novo review of the entire Report. Simply stated, the Court finds the objections to be without merit.

To the extent that Plaintiff objects to the Report regarding the Magistrate Judge's discussion of the liability of the supervisors in this action, the Court is aware that "[s]upervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." *Jennings v. University of North Carolina, at Chapel Hill*, 444 F.3d 255, 281 (4th Cir. 2006) (quoting *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).

To establish supervisory liability under § 1983, however, Plaintiff is required to demonstrate the following: (1) the supervisor had actual or constructive knowledge that her employee was engaging in conduct that posed a pervasive and unreasonable risk of constitutional injury; (2) the supervisor's failure to respond amounted to deliberate indifference to or tacit authorization of the

alleged offensive practices; and (3) there was a causal link between the supervisor's inaction and the constitutional injury. *See Jennings*, 444 F.3d at 281.

If no "constitutional injury" has occurred, however, then Plaintiff is unable to satisfy element three and the claim fails. Because the Court finds that the employees did not violate § 1983, the supervisors cannot be held liable.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report to the extent that it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of this Court that Defendants' Motion for Summary Judgment be **GRANTED** and Plaintiff's Motion to Strike be **DENIED**.

**IT IS SO ORDERED**.

Signed this 5th day of April, 2007, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.